UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNETTA BERRIEN, individually
and as surviving spouse of
CLARENCE BERRIEN, II,

                Plaintiff(s),             CASE NUMBER: 08-13359
                                        HONORABLE VICTORIA A. ROBERTS
v.

UNITED STATES OF AMERICA,

                Defendant(s).
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss or, in the

Alternative, for Summary Judgment.  (Doc. #10).  Defendant asks the Court to dismiss

Donnetta Berrien's Complaint for lack of subject matter jurisdiction.

If the Court has jurisdiction, Defendant says summary judgment is appropriate

because it is not liable to an employee of an independent contractor.

Defendant's motion is **GRANTED IN PART AND DENIED IN PART**.

**II.    BACKGROUND**

Clarence Berrien, II worked for TECOM, Inc., an independent contractor hired to

perform general maintenance at Selfridge Air National Guard Base.

On June 28, 2006, Mr. Berrien went to Selfridge to repair and stain a fence

1

enclosure at the Class VI Liquor Store.  While Mr. Berrien worked, a gutter fell, struck him on the head, and killed him.

An investigation into the circumstances of Mr. Berrien's death was conducted under the Michigan Occupational Safety and Health Act, MCLA §408.1001, *et seq.*  The blueprints for the Class VI Liquor Store showed straps were supposed to be installed on the gutters.  There were no straps on the gutters at the time of the accident.

On August 4, 2008, Mr. Berrien's widow filed a Complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §1346(b), for negligence and wrongful death.  Ms. Berrien alleges Defendant was negligent for failing to: (1) install straps on the gutter (or replace the straps, if they were installed); (2) prevent the gutter from falling; (3) inspect, maintain, and repair the gutter system; (4) properly affix the gutter to the building; and (5) warn business invitees that the gutter was not constructed and/or maintained as required by the blueprint specifications.

III.    **STANDARD OF REVIEW**

A.    **Subject Matter Jurisdiction**

When subject matter jurisdiction is challenged under Fed. R. Civ. P. 12(b)(1), Ms. Berrien has the burden to prove jurisdiction.  *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125 (6th Cir. 1996).  If the attack on jurisdiction is a facial attack on the Complaint, as it is here, the Court accepts the allegations in the Complaint as true and construes them in a light most favorable to Ms. Berrien.  *See United States v. A.D. Roe Co., Inc.*, 186 F.3d 717, 721-22 (6th Cir. 1999) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)).

2

**B.    Summary Judgment**

Fed. R. Civ. P. 56(c) says summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion."  *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The movant has the initial burden to demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant meets this burden, the nonmoving party must, by affidavit or otherwise as provided by Rule 56, "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251-52.  If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate.  *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

**IV.    APPLICABLE LAW AND ANALYSIS**

The United States is immune from suit unless it consented to be sued.  *United*

*States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted).  The United States

consented to be sued under the FTCA for:

> death caused by the negligent or wrongful act or omission of any
> employee of the Government while acting within the scope of his office or
> employment, under circumstances where the United States, if a private
> person, would be liable to the claimant in accordance with the law of the
> place where the act or omission occurred.

28 U.S.C. §1346(b)(1).

### A.    Does the Court have Subject Matter Jurisdiction?

Defendant says the Court lacks subject matter jurisdiction over Ms. Berrien's

Complaint based on the discretionary function and independent contractor exceptions to

the FTCA.

### 1.    Discretionary Function Exception to the FTCA

The FTCA does not apply to:

> [a]ny claim based upon . . . the exercise or performance or the failure to
> exercise or perform a discretionary function or duty on the part of a federal
> agency or an employee of the Government, whether or not the discretion
> involved be abused.

28 U.S.C. §2680(a).

Defendant says its decision to contract with TECOM, to delegate to TECOM the

responsibility for overseeing the maintenance of the Selfridge buildings, and its decision

regarding the manner and frequency it inspected or reviewed TECOM's work, constitute

policy decisions that are insulated from review by the discretionary function exception to

the FTCA.  *See Gowdy v. United States*, 412 F.2d 525, 529 (6th Cir. 1969) ("the award

of contracts by the Government involves a 'discretionary function or duty,' in the

exercise of which it is exempt from liability under the Federal Tort Claims Act") (citing 28

4

U.S.C. §2680(a); *Dalehite v. United States*, 346 U.S. 15, 42 (1953)); *see also Hall v. United States*, 1998 WL 344050 at *3 (6th Cir. May 27, 1998) ("[t]he law is clear that the government may delegate its safety responsibilities to independent contractors in the absence of federal laws or policies restricting it from doing so") (quoting *Andrews v. United States*, 121 F.3d 1430, 1440 (11th Cir. 1997)).

Defendant's reliance on the discretionary function exception is misplaced; Ms. Berrien concedes that Defendant's decision to contract with TECOM represents a discretionary function, and she does not challenge Defendant's discretionary actions.

### 2.    Independent Contractor Exception to the FTCA

Frances Dolata, the Contracting Officer for the United States Army, submitted a Declaration on January 5, 2009 that says the Army and Air Force Exchange Service contracted for the design and construction of the Class VI Liquor Store.  Ms. Dolata's Declaration dated March 18, 2009 says the Army hired independent contractors to perform maintenance on Selfridge buildings beginning October 1, 1988.

At the time of the accident, TECOM was the independent contractor in charge of Selfridge buildings.  The contract between Defendant and TECOM required TECOM to maintain, inspect, and repair buildings.  Indeed, Mr. Berrien performed a Preventative Maintenance check on the Class VI Liquor Store on June 9, 2006.

Defendant says any negligence Ms. Berrien alleges Defendant committed is attributable to independent contractors hired to perform work on Selfridge buildings, including TECOM.  Because the FTCA does not waive sovereign immunity for the negligence of an independent contractor, Defendant says it is not liable for Mr. Berrien's death.  *See Logue v. United States*, 412 U.S. 521, 528-32 (1973) (the Government was

not liable for the independent contractor's negligence); *see also* 28 U.S.C. §2671 ("employee of the Government" does not include independent contractors).

An independent contractor designed and constructed the Class VI Liquor Store, and the Court finds that the independent contractor exception to the FTCA applies to Ms. Berrien's allegations that Defendant was negligent for failing to: (1) install straps on the gutter; and (2) properly affix the gutter to the building.

Further, the independent contractor exception to the FTCA applies to Ms. Berrien's allegations that Defendant was negligent for failing to: (1) replace the straps, if they were installed; (2) prevent the gutter from falling; and (3) inspect, maintain, and repair the gutter system; TECOM was responsible for these duties.

### 3.     Premises Liability Under the FTCA

28 U.S.C. §1346(b)(1) says the United States can be liable for its negligent acts, just as a private person would be liable, in accordance with the laws of Michigan.  Ms. Berrien claims Defendant is liable under the FTCA, by applying premises liability law of the State of Michigan.

Under this theory, Ms. Berrien alleges that Defendant was negligent for failing to warn Mr. Berrien, a business invitee, that the gutter was not constructed and/or maintained as required by the blueprint specifications (i.e., it did not have the required straps).  *See Bertrand v. Alan Ford, Inc.*, 449 Mich. 606, 610 (1995) ("A claim that the invitor has breached the duty to exercise reasonable care to protect invitees from unreasonable risks of harm has traditionally been premised on three theories: failure to warn, negligent maintenance, or defective physical structure.").

Ms. Berrien's premises liability claim under the FTCA is not based on a theory

6

that Defendant is vicariously liable for the negligence of the independent contractor; her theory is that Defendant is personally liable as the owner of the premises.

"Every man who expressly or by implication invites others to come upon his premises, assumes to all who accept the invitation the duty to warn them of any danger in coming, which he knows or ought to know of, and of which they are not aware." *Samuelson v. Cleveland Iron Mining Co.*, 49 Mich. 164, 170 (1882); *see also Riddle v. McLouth Steel Products Corp.*, 440 Mich. 85, 96 (1992) ("If . . . the dangerous conditions on the premises are hidden or latent, the premises owner is obliged to warn the invitee of the dangers"); *McCord v. United States Gypsum Co.*, 5 Mich. App. 126, 129 (1966) ("A property owner is under a duty to inform an invitee of any known dangerous condition on his property or one discoverable by use of reasonable care.")

An independent contractor designed and constructed the Class VI Liquor Store in 1993. TECOM was not hired to inspect, maintain, and repair Selfridge buildings until approximately 11 years later. Construing the allegations in a light most favorable to Ms. Berrien, *See A.D. Roe Co., Inc.*, 186 F.3d at 721-22, it is possible that TECOM did not know the blueprints for the Class VI Liquor Store required straps to be installed on the gutter, and that the duty to warn its employees of the condition could not have been delegated to TECOM.

The Court has jurisdiction over Ms. Berrien's clam that Defendant was negligent for failing to warn Mr. Berrien of a possible dangerous condition that neither TECOM nor Mr. Berrien may have known about.

**B.    Is Defendant Entitled to Summary Judgment on Ms. Berrien's Premises Liability Claim Under the FTCA?**

In *Funk v. General Motors Corp.*, 392 Mich. 91 (1974), the court held that "ordinarily the owner of a building under construction is not responsible to construction workers for job safety."  *Funk*, 392 Mich. at 100-01.  There are three exceptions to the general rule: (1) the owner retained control of the work; (2) an obvious danger exists in a work-area shared by several independent contractors; and (3) the work is inherently dangerous.  *See Sprague v. Toll Bros.*, 265 F.Supp.2d 792, 795 (E.D. Mich. 2003) (citations omitted).

Defendant says summary judgment is appropriate because Ms. Berrien cannot satisfy any of the exceptions to the general rule.

Defendant's argument is misplaced.  Ms. Berrien's premises liability claim under the FTCA is based on the duty that land owners owe to business invitees – not Defendant's responsibilities to employees of an independent contractor.  There is a distinction between the duties owed by a general contractor to workers on a construction site, and the general duty of care that a property owner owes to business invitees.  *See Perkoviq v. Delcor Homes - Lake Shore Pointe*, *Ltd.*, 466 Mich. 11, 19 (2002):

> The Court of Appeals seems to have confused general contractor liability with the liability of a possessor of premises.  In explaining its conclusion that defendant could be liable on a premises liability theory, the Court used analysis that was irrelevant to that theory and would be applicable only to a claim against a general contractor.
>
> .    .    .
>
> The fact that defendant may have additional duties in its role as general contractor . . . does not alter the nature of the duties owed by virtue of its

8

ownership of the premises.

More importantly, genuine issues of material fact exist regarding: (1) whether the failure to have straps installed on the gutter created a dangerous condition; (2) whether Defendant knew of the dangerous condition, or could have discovered the dangerous condition by using reasonable care; and (3) whether Mr. Berrien or TECOM knew of the dangerous condition (i.e., that straps were supposed to be installed on the gutter).

## V.   CONCLUSION

Defendant's motion is **GRANTED IN PART AND DENIED IN PART**.  The independent contractor exception to the FTCA bars Ms. Berrien's claim that Defendant was negligent for failing to:  (1) install straps on the gutter (or replace the straps, if they were installed); (2) prevent the gutter from falling; (3) inspect, maintain, and repair the gutter system; and (4) properly affix the gutter to the building.

Ms. Berrien's claim that Defendant was negligent for failing to warn Mr. Berrien that the gutter was not constructed and/or maintained as required by the blueprint specifications proceeds to trial.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  September 15, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 15, 2009.

s/Linda Vertriest
Deputy Clerk