UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONETTA BERRIEN, individually
and as surviving spouse of
CLARENCE BERRIEN, II,

     Plaintiff,

vs                                                  Case No: 08-13359
                                                    Honorable Victoria A. Roberts

UNITED STATES OF AMERICA,

     Defendant.
_____/

## ORDER GRANTING THE UNITED STATES' MOTION FOR RECONSIDERATION AND TO ALTER OR AMEND JUDGMENT

**I.     INTRODUCTION**

This matter is before the Court on the United States' Motion for Reconsideration and to Alter or Amend Judgment (Doc. 71).  The Court finds that the Judgment entered on January 13, 2012 contained a palpable defect; the United States' motion is **GRANTED**.  Amended judgment will enter in favor of Plaintiff.

**II.    BACKGROUND**

On June 28, 2006, Mr. Berrien was injured while working at Selfridge Air National Guard Base when a gutter fell and struck him in the head.  His injuries proved fatal.  On August 4, 2008, Mr. Berrien's widow brought suit against the United States under the Federal Tort Claim Act (FTCA), 28 U.S.C. § 1346 for negligence and wrongful death. The parties submitted the matter to the Court for findings and conclusions under Fed. R. Civ. P. 52(a).  In its Findings of Fact and Conclusions of Law, entered on January 13,

2012, the Court found the United States liable for negligence and wrongful death.  The

Court entered Judgment in favor of Plaintiff "together with costs, interest and attorney

fees" (Doc. 68).

## III.    STANDARD OF REVIEW

A court grants reconsideration only if the movant demonstrates a "palpable

defect by which the court and the parties and other persons entitled to be heard on the

motion have been misled [and] that correcting the defect will result in a different

disposition of the case."  E.D. Mich. LR 7.1(h)(3).  Motions brought under Fed. R. Civ. P.

59(e) are generally granted for three reasons: "(1) because of an intervening change in

the controlling law; (2) because evidence not previously available has become available;

or (3) necessity to correct a clear error of law or prevent manifest injustice."  *Nagle*

*Industries, Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997).

## IV.    ANALYSIS

The United States says that the Court's awards of interest and attorneys' fees

was improper.  It says that the FTCA, 28 U.S.C. § 2674, expressly prohibits an award of

prejudgment interest.  It also says that the United States has not waived sovereign

immunity for an award of attorneys' fees against it in suits brought under the FTCA, nor

is there any other basis for the award.

### A.    Interest

The Federal Tort Claims Act expressly prohibits an award of prejudgment

interest.  28 U.S.C. § 2674 ("The United States . . . shall not be liable for interest prior to

judgment or for punitive damages.") Post-judgment interest is available subject to the

2

limitations imposed by applicable federal laws.  *See Reminga v. United States*, 695 F.2d 1000 (6th Cir. 1982).

The Judgment of January 13, 2012 is amended; "interest" is replaced with "interest from the date of judgment."

### B.    Attorneys' Fees

There is nothing in the FTCA that waives the United States' sovereign immunity for attorneys' fees.  Indeed, the only mention of attorneys' fees in the FTCA is in section 2678, which prohibits attorneys from charging fees in excess of 25% of the judgment. The case law confirms that the FTCA does not waive sovereign immunity for attorneys' fees, and that a waiver cannot be inferred.  *Bergman v. United States*, 844 F.2d 353, 355 (6th Cir. 1988) ("It is clear that the FTCA does not waive the United States' immunity from attorneys' fees."); *Anderson v. United States*, 127 F.3d 1190, 1191 (9th Cir. 1997) ("Congress has not waived the government's sovereign immunity for attorneys' fees and expenses under the FTCA.").

Nor does the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, authorize the Court to award Plaintiff attorneys' fees in this case.  By its terms, the EAJA excludes an award of attorney's fees in tort actions against the United States.  28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . ."  *See Johnson v. United States*, 780 F.2d 902, 910 (11th Cir. 1986) (district court had no authority to award attorneys' fees against the United States in an FTCA case for medical malpractice).

Lastly, federal common law follows the American Rule, which provides that each

3

party bears its own attorneys' fees absent extraordinary circumstances, such as where a party has acted in bad faith, ignored a court order, or where the litigation directly benefits others.  *See Chambers v. NASCO*, 501 U.S. 32, 45 (1991).  There is nothing in the EAJA or FTCA to suggest that courts should diverge from the American Rule. *Johnson*, 780 F.2d at 910.  Additionally, the United States has not acted in bad faith or willfully disobeyed any orders of the Court.  Nor is this a case where the litigation benefitted individuals other than the Plaintiff.  Therefore, Plaintiff is not entitled to attorneys' fees under the common law.

The Judgment of January 13, 2012 is amended; "attorney fees" is stricken.

**V.    CONCLUSION**

For these reasons, Defendant's motion to Alter or Amend the Judgment is **GRANTED**.  An Amended Judgment will enter for Plaintiff.


S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  February 2, 2012

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 2, 2012.

S/Linda Vertriest
Deputy Clerk

---