UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONETTA BERRIEN, individually
and as surviving spouse of
CLARENCE BERRIEN, II,

    Plaintiff,

vs                                                  Case No: 08-13359
                                                  Honorable Victoria A. Roberts

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION FOR COSTS

### I.    INTRODUCTION

On January 13, 2012, Judgment entered in favor of Plaintiff in the amount of $1,181,611.00 together with costs, interest and attorneys' fees. The Judgment was amended on February 2, 2012 to remove the award of prejudgment interest and attorneys' fees; the award of costs was unchanged.

On January 25, 2012, the Clerk taxed costs for Plaintiff in the amount of $350.00. Plaintiff brings the present motion pursuant to Fed. R. Civ. P. 54(d)(1) for review of the Clerk's order taxing costs. Plaintiff says she is entitled to a total award of costs in the amount of $79,277.36.

Plaintiff's motion is **DENIED** in part and **GRANTED** in part. Plaintiff is entitled to costs in the amount of **$4,298.03**.

### II.    BACKGROUND

The Court entered Judgment for Plaintiff on January 13, 2012, in the amount of $1,181,611.00, amended on February 2, 2012, to eliminate the award of prejudgment interest and attorneys' fees. Both Judgments allowed Plaintiff to recover costs.

On January 24, 2012, Plaintiff filed a Bill of Costs with the Clerk's Office seeking $79,538.73 in costs. In support of that amount, Plaintiff merely attached a computer printout entitled "Job Ledger Report." The Clerk issued a Taxed Bill of Costs on January 25, 2012, taxing $350.00 for the filing fee and disallowing all other costs. The United States does not dispute that Plaintiff is entitled to the $350.00 filing fee.

The Taxed Bill of Costs states: "After the taxation clerk has taxed costs, counsel for either side may, within seven (7) days, file motions to review the clerk's action." Neither side filed a motion within seven days of entry of the Taxed Bill of Costs.

Plaintiff filed this motion for costs on February 8, 2012, amended on February 17, 2012. Plaintiff says she is entitled to an award of $6,102.05 for deposition transcripts, $88.63 for medical copy charges, and $73,086.68 for expert witness fees. In support, Plaintiff attaches the Job Ledger Report previously provided to the Clerk, invoices from court reporter services, and invoices from expert witnesses.

Defendant says that Plaintiff's motion should be denied as untimely. In the alternative, Defendant says taxable costs should be limited to $4,298.03, representing the medical copy fees, and the transcript expenses that are supported by adequate documentation.

### III.    ANALYSIS

#### A.    Timeliness of Plaintiff's Motion

The Government says that Plaintiff's motion should be denied as untimely. As

explained above, the Taxed Bill of Costs from the Clerk's Office provides that either side can seek review of the Clerk's action by filing a motion within seven days. This is consistent with Fed. R. Civ. P. 54(d)(1), which reads in pertinent part: "The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."

Plaintiff's motion is untimely. The Clerk taxed costs on January 25, 2012. Plaintiff filed her motion on February 8, 2012–more than 7 days after the Clerk's action. That said, "the time limit prescribed by Rule 54(d)(1) is not jurisdictional and this court may exercise its discretion to review the merits of an untimely objection to the taxation of costs." *Sutter v. General Motors Corp.*, 100 Fed. Appx. 472, 475 (6th Cir. 2004), *citing Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 770 (6th Cir. 1999); *see also Hillside Prod., Inc. v. Cnty. of Macomb*, 448 Fed. Appx. 592 (6th Cir. 2012).

The Court will exercise its discretion and review Plaintiff's motion on the merits. Defendant's motion to alter or amend the Judgment was filed three days after the Clerk taxed costs. Plaintiff's neglect in this case is excusable because a motion to amend the judgment was pending when the seven-day limitation period ran. Although Plaintiff still should have filed her motion for review within seven days, the Court believes, under these circumstances, it is equitable to decide the motion on the merits.

**B.  Costs**

Fed. R. Civ. P. 54(d)(1), combined with a federal statute, 28 U.S.C. § 1920, governs the taxation of costs against the United States. Rule 54(d)(1) allows cost other than attorney's fees to be awarded to the prevailing party, but provides that "costs against the United States . . . may be imposed only to the extent allowed by law."

Section 1920 enumerates the litigation costs that may be imposed against the United States. It reads:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The costs that the court may impose are confined to items listed in Section 1920. *In re Cardizem CD Antitrust Litigation*, 481 F.3d 355, 359 (6th Cir. 2007). The moving party has the burden to prove that the costs are authorized by federal law, and that they were necessary and reasonable. *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich 1995).

### i.     Medical Record Copy Charges

Plaintiff seeks $88.63 for copies of medical records. The United States does not object. The court finds that this expense is permissible under 28 U.S.C. § 1920(4); that the expense is reasonable; and that the copies were necessary for use in Plaintiff's case.

This expense is approved.

### ii.     Deposition Court Reporter Fees

Plaintiff seeks $6,102.05 for deposition transcripts. Defendant concedes that the deposition transcripts were necessary, since they were used as stipulated exhibits for the summary bench trial. In addition, Defendant admits the expense is permissible under 28 U.S.C. § 1920(2). Defendant disputes the amount that Plaintiff is entitled to, though.

Defendant may recover costs for deposition transcripts. However, after performing its own summation of the attached receipts, the Court finds that Plaintiff is only entitled to $4,209.40. Plaintiff failed to meet its burden to account for the amount of $6,102.05. Several of the invoices Plaintiff attached are duplicates, which the Court disregarded.

Plaintiff is entitled to $4,209.40 for deposition transcripts.

### iii.    Expert Witness Fees

Plaintiff seeks $73,086.68 in expert witness fees. Expert witness fees are not recoverable costs. Plaintiff's request is denied.

Section 1920(3) permits the recovery of witness fees as costs, but these fees are statutorily limited to $40.00 per day. *See* 28 U.S.C. § 1821(b). In addition, Section 1920(6) allows for compensation of court appointed experts. *See Crawford Fitting Co. v. J.T. Gibbons*, 482 U.S. 437, 441-42 (1987). This section is inapplicable, though, since the experts here were not court appointed.

Plaintiff cannot claim even the $40.00 attendance fee for her expert witnesses since the United States paid Plaintiff's experts for the costs of their attendance. Plaintiff

is not entitled to any recovery for expert witness costs.

### IV.     CONCLUSION

Plaintiffs motion is **GRANTED** in part and **DENIED** in part.  Plaintiff may recover costs of **$4,298.03** in addition to the $350.00 filing fee.  This amount constitutes the cost of medical copies and deposition transcripts.  Plaintiff is not entitled to expert witness fees.

**IT IS ORDERED.**

                                                                S/Victoria A. Roberts
                                                                Victoria A. Roberts
                                                                United States District Judge

Dated:  March 23, 2012

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 23, 2012.<br><br>S/Linda Vertriest<br>Deputy Clerk |